

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

**HELEN WOTEN**  PLAINTIFF

**VERSUS**  CAUSE NO. A2402.10.006

**AMERICAN NATIONAL INSURANCE COMPANY
D/B/A EDGEWATER MALL AND FICTITIOUS AND
UNKNOWN PARTIES 1 THROUGH 10**  DEFENDANTS

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW, Plaintiff, Helen Woten, by and through her attorneys, Brown Buchanan P.A., and files her Complaint against the Defendant, American National Insurance Company d/b/a Edgewater Mall, and in support of her Complaint, would show unto the Court the following:

I.

The Plaintiff, Helen Woten (hereinafter "Plaintiff"), is an adult resident citizen of Harrison County, Mississippi.

II.

The Defendant, American National Insurance Company d/b/a Edgewater Mall (hereinafter "Defendant"), is a foreign corporation authorized to do business, and is doing business in the State of Mississippi, and may be served with process through its registered agent, C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

III.

Plaintiff would show that on or about September 14, 2009, Plaintiff, Helen Woten, was present on the premises of the Edgewater Mall in the parking garage, located at 2600 Beach Boulevard, Biloxi, Mississippi. That at said time and place, the Plaintiff was lawfully and

properly on the premises of the Defendant. Plaintiff would further show that while she was present on the Defendant's premises, on that date, and while exercising due care and caution of her own safety, the Plaintiff sustained an injury when walking from her car in the parking garage of the Defendant's place of business. Plaintiff was injured when suddenly and without warning, she tripped and fell due to the poor lighting conditions in the parking garage, causing the Plaintiff to sustain painful and permanent personal injuries as hereinafter more fully set forth.

IV.

The Plaintiff would show that it is the duty of the Defendant to use ordinary care and diligence to protect persons, including the Plaintiff, Helen Woten, from conditions which are dangerous and which may potentially cause injury on the premises of Defendant. Plaintiff would show that the Defendant is responsible for the operation and maintenance of its parking garage located in Biloxi, Mississippi, and in particular to use ordinary care and diligence in the lighting of the parking garage, through which persons constantly walk during the course of its day's business. At all relevant times, Defendant had a duty to maintain the lighting in its parking garage in such a manner as to be free from all defects and conditions which would render Defendant's business dangerous and unsafe for those persons using reasonable care for their own safety, including the Plaintiff. At all relevant times, Defendant had a duty to protect persons, such as the Plaintiff, from an unreasonable risk of harm while lawfully using Defendant's premises.

V.

Plaintiff would further show that it was the duty of the Defendant, by inspection or other affirmative acts, to exercise reasonable care to protect the Plaintiff from the danger of reasonably

2

foreseeable injury from occurring from reasonably foreseeable occurrences involving the lighting of the parking garage. That it is further the duty of the Defendant to exercise reasonable care to protect the Plaintiff, either by inspection or other affirmative acts, and to insure that safety is maintained in its parking garage and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe conditions present in the parking garage. Such unsafe conditions including, but not limited to, the unsafe lighting, which is believed to be caused or contributed by the timer for lights in the parking garage not being changed when daylight savings time changed, and lights not operating making the parking garage dark, which caused a dangerous and unsafe condition on Defendant's premises.

VI.

Plaintiff would further show that it was the duty of the Defendant to have sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably safe for persons using its premises. Further, Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the inadequate lighting in the parking garage, and to warn Plaintiff of such a condition, and that Defendant, by and through its employees, while in the course and scope of their employment, carelessly failed to (1) change the timer on the lighting, so that the parking garage would have been lighted when Plaintiff was walking through it, (2) failed to warn of the lack of lighting in the parking garage which rendered the parking garage dangerous and unsafe for the use of such individuals, such as the Plaintiff herein; and (3) failed to replace or repair lights that were not properly operating.

VII.

Plaintiff would allege that the unsafe conditions of the lighting in the parking garage was known by the Defendant and the Defendant's employees, agents and servants; or in the exercise of reasonable care, Defendant should have known of the inadequate lighting in the parking garage, and that said Defendant, employees, agents and/or servants failed to correct the inadequate lighting conditions prior to the injuries of the Plaintiff.

VIII.

Plaintiff would state that the Defendant's negligence proximately caused or proximately contributed to cause her injuries and damages. Plaintiff states that the Defendant failed to perform certain legal duties owed to the Plaintiff, including, but not limited to, the following:

1. The Defendant failed to use ordinary care to have the premises on which the Defendant operates its business in a reasonably safe condition for use in a manner consistent with Plaintiff's use of Defendant's premises;

2. The Defendant failed to warn the Plaintiff of the inadequate lighting in the parking garage, and failed to warn the Plaintiff of the danger posed by said inadequate lighting in allowing a dangerous and unsafe condition to exist on the Defendant's premises;

3. The Defendant failed to keep the lights in parking garage in proper repair, in that some were not operating; and Defendant failed to worn Plaintiff of this dangerous condition;

4. The Defendant failed to exercise reasonable care to protect the Plaintiff, by performing reasonable inspections or other affirmative acts, from the danger of

reasonable or foreseeable injury occurring from the reasonably foreseeable use of the parking garage of the Edgewater Mall, which was known or should have been known to the Defendant;

5. The Defendant failed to use reasonable care to provide a place of business which was free from dangerous conditions, and that the Defendant, by breach of those duties, thereby exposed Plaintiff to an unreasonable risk; and

6. Other aspects to be shown at trial.

IX.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, as previously set forth, the Plaintiff, while on the Defendant's premises, sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendant. In particular, Plaintiff has sustained the following:

a. severe and permanent injuries to her elbow, for which she has undergone surgery;

b. bruises and contusions to other parts of the body;

c. incurred medical bills in the past, and will in the future incur medical bills, including, but not limited to, amounts for hospital care, doctors' care, physical therapy, medicines and drugs, and other out-of-pocket expenses. Plaintiff reserves the right to submit the total amount of medical bills.

d. restricted in all other physical activities in which she was involved prior to sustaining the injuries in questions;

e. Pain and suffering, mental anguish, emotional distress;

f. permanent scarring; and

g.  physical disability, either total or partial, consisting of total and/or partial loss of certain bodily functions.

X.

Plaintiff would also allege the doctrine of *res ipsa loquitur* is applicable to the facts herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby sues and demands judgment of and from the Defendant, in an amount which would exceed the jurisdictional limits of this Court, together with pre- and post-judgment interest and costs.

This the 11th day of January, 2010.

Respectfully submitted,

HELEN WOTEN

BY: BROWN BUCHANAN, P.A.

BY: _____
PATRICK R. BUCHANAN (MSB #8439)

BROWN BUCHANAN, P.A.
796 VIEUX MARCHE, SUITE 1
POST OFFICE BOX 1377
BILOXI, MS  39533-1377
TELEPHONE:  228-374-2999
FACSIMILE:   228-435-7090