IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELEN WOTEN** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:10CV64 LG-RHW** |
| | § | |
| **AMERICAN NATIONAL** | § | |
| **INSURANCE COMPANY, ET AL.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [26] filed by Defendant American National Insurance Company. The Plaintiff has responded and the American National has replied. After due consideration of the parties' submissions and the relevant law, it is the Court's opinion that American National has shown there is no question of material fact for the jury. Accordingly, the Motion will be granted and Plaintiff's claims dismissed.

### FACTS

On November 9, 2009, Plaintiff Helen Woten was working at her job at the My Oh My store in the Edgewater Mall[1] in Biloxi, Mississippi. Tropical Storm Ida had made landfall early that morning just east of Mobile, Alabama, and it was still raining and gusty in Biloxi that evening. Woten left the mall for a short break, returning around 6:30 p.m. She parked in her usual spot in the mall's parking garage and proceeded toward the mall entrance. She was carrying her purse, an umbrella, and a cell phone. As she approached the edge of the parking structure, her toe caught on the

---

[1] American National Insurance Company does business as Edgewater Mall.

curb of the sidewalk, and she fell onto the sidewalk. She proceeded to My Oh My, where she bandaged her scraped elbow, and then went home.

The next day, she decided to go to the hospital, where injuries requiring corrective surgery were discovered. That same day, she reported her fall and injuries to the Mall. Michael Skeen, the site supervisor for Weiser Security Services, Inc., conducted an investigation and wrote an incident report. Pl. Resp. Ex. C, ECF No. 28-3. Skeen noted in his report that the garage lights were on, but Woten complained that the darkness of the parking garage contributed to her fall. *Id*. at 4. Skeen also testified that the lights were on, but it was dark outside "because of the time of day and because of a storm going by." Pl. Resp. Ex. B at 17, ECF No. 28-2 at 10.

Woten alleges American National is at fault for her injuries due to poor lighting conditions in the Mall parking garage. American National seeks summary judgment on the basis that it did not breach its duty of care to Woten.

THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

DISCUSSION

To prove negligence, a plaintiff must show, by a preponderance of the evidence: duty, breach of duty, proximate cause, and damages. *Skelton ex rel. Roden v. Twin Cnty. Rural Elec. Ass'n*, 611 So. 2d 931, 936 (Miss. 1992). The duty owed by a defendant to a plaintiff depends upon their relation to one another. *Id.* In this case, the parties disagree about whether Woten was the Defendant's invitee or licensee.

Under Mississippi law, an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. *Skelton v. Twin Cnty. Rural Elec. Assoc.*, 611 So. 2d 931, 936 (Miss. 1992) (citations omitted). The duty owed an invitee is a duty of reasonable care for the invitee's safety. *Hall v. Cagle*, 773 So. 2d 928, 929 (¶5) (Miss. 2000).

A licensee is one who enters upon the property of another for her own convenience, pleasure or benefit pursuant to the license or implied permission of the owner. *Skelton*, 611 So. 2d at 936. A licensee is distinguished from an invitee "in that the licensee is on the premises by permission or sufferance only, and not by virtue of any business or contractual relation with the owner or occupant inuring to the mutual benefit of both." *White v. Miss. Power & Light Co.*, 196 So. 2d 343, 350 (Miss. 1967). The duty owed a licensee is "the bare duty to refrain from willfully or wantonly injuring [her]." *Lucas v. Buddy Jones Ford Lincoln Mercury, Inc,* 518 So. 2d 646, 648 (Miss. 1988).

The Defendant argues that Woten was a licensee, because she was on the

-3-

premises as an employee of a store in the Edgewater Mall, and her presence in the parking garage was only for her own benefit or convenience. Defendant relies primarily on the *White* case, in which the Mississippi Supreme Court held that "[t]he appellant, as an employee of the Road Department of Washington County, was obviously not an 'invitee' upon the property of the Railroad Company, under the facts in the instant case." *White*, 196 So. 2d at 350. However, in that case, the employee was on the Railroad company's land only with implied permission rising from the Road Department's habitual use of the land to store road slag. *Id*. at 348-49. There was no mutual benefit to be gained from the Road Department employee's uninvited presence on, and use of, the Railroad company's property.

There is an obvious mutual benefit in this case. Woten was on the premises for a business purpose in connection with her employment with a tenant of the Edgewater Mall. American National benefitted by having Woten on the premises because it earns rent from Mall tenants, and therefore has an interest in their continuing operations. The Court finds no basis for treating an employee of a mall tenant differently from a patron of a mall tenant, who would certainly be an invitee under the same circumstances. *See, e.g., Dorsey v. Simon Prop. Group, LP*, 378 Fed. Appx. 476 (5th Cir. 2010).

Most importantly, the Fifth Circuit has found that an employee of an Edgewater Mall tenant should be classified a business invitee:

> A business invitee is an invitee whose presence is directly or indirectly connected with business dealings with the property owner. *Case v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 597, 600 (S.D. Miss. 1998). Owners

> have a duty of reasonable care with respect to business invitees. *Id.* Delk was on Edgewater Mall property in connection with her status as an employee and co-owner of Edgewater Glamourama, a business which had a valid lease of the space with the mall owners. As such, Delk was a business invitee entitled to reasonable care with respect to both the mall owners and the contractors.

*Stanley v. Gray*, 57 Fed. Appx. 211, 2003 WL 147720, * 2 (5th Cir. Jan. 6, 2003).

Thus, American National owed Woten the "duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004) (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)).

Conditions normally encountered on business premises are generally not unreasonably dangerous. *Ware v. Frantz*, 87 F. Supp. 2d 643, 646 (S.D. Miss. 1999) (citing *Tate v. So. Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995)). "Mississippi courts have routinely held that conditions such as display stands, hand trucks, raised door thresholds, curbs, and steps are not unreasonably dangerous." *Smith v. Fed. Cleaning Contractors, Inc.*, 126 Fed. Appx. 672 , 674 (5th Cir. 2005). "There is no liability for injuries where the condition is not dangerous or where the condition is or should be known or obvious to the invitee." *Id.* (citing *Tharp v. Bunge Corp.*, 641 So. 2d 20, 23 (Miss. 1994)). As there is nothing out of the ordinary alleged in regard to the curb in this case, it does not constitute an unreasonably dangerous condition as a matter of Mississippi law. Additionally, Woten testified that she traveled this route many times during her fifteen years of employment with My Oh My, and in fact had exited the parking garage and entered the mall without incident earlier the day of her

fall. The curb was a condition that was well known to her. She testified that she worked from 1 p.m. to 9 p.m. six days a week, thus she routinely negotiated the curb in the same light conditions that were present on the evening of her fall.

It is well established that a business "owner or occupant is not an insurer against all injuries" of its invitees. *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss.1992) (citations omitted). Merely proving that the accident occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner or operator of the business was negligent. *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (¶ 6) (Miss. Ct. App. 2003) (citing *Sears Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)). Woten has failed to provide any evidence on this point. Her testimony and the testimony of Skeen is consistent that the lights inside the parking garage were on, as was an exterior light nearest to the vicinity of her fall. If the light cast by those fixtures is insufficient by some objective measure, no evidence of it has been submitted. Woten simply argues that it must have been too dark in the garage because she tripped on the curb. This is insufficient under Mississippi law to show negligence on the part of a premises owner. Accordingly, the Defendant is entitled to judgment as a matter of law.

In addition to her claims against American National, Woten has also made claims against "Unknown Defendants 1-10." Those defendants have not yet been named, and there is no indication in the record that Woten has taken any action to identify them. Woten will be required to inform the Court whether she intends to pursue her claims against the unknown defendants. If she does not so inform the

Court of her intent to proceed against the unknown defendants within 30 days of this Order, Woten's claims against them will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [26] filed by Defendant American National Insurance Company is **GRANTED**. Plaintiff's claims against American National Insurance Company are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff is required to inform the Court in writing within 30 days of the date of this Order whether she intends to pursue her claims against the unknown defendants. Failure to do so will result in dismissal of the claims against them, without prejudice.

**SO ORDERED AND ADJUDGED** this the 21th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE